UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSEPH CHABOT,

                Plaintiff,                                **COMPLAINT**

     -against-                                         Docket No. 18 cv. 4109

EDWIN J. DAY, Individually and as Rockland      **Jury Trial Demanded**
County Executive; the COUNTY OF
ROCKLAND; PATRICIA GIBLIN, Individually
and as Commissioner of the Board of Elections
for the County of Rockland, New York; THE
BOARD OF ELECTIONS IN THE COUNTY
OF ROCKLAND and JOHN DOES AND
JANE DOES 1-5,

                Defendants.
-------------------------------------------------------X

      Plaintiff, JOSEPH CHABOT, by and through his Attorney, Dennis E. A. Lynch, Esq., complaining of the Defendants herein, respectfully alleges upon information and belief as follows:

## NATURE AND SUMMARY OF ACTION

      1.    Plaintiff brings this action to vindicate his federal and state civil rights, and seeks a recovery of compensatory damages, declaratory relief, and punitive damages pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments of the Constitution of the United States of America, as well as Article I § 8 of the New York State Constitution.

      2.    Plaintiff was penalized and punished for his personal beliefs and associations, matters that are unquestionably and fundamentally protected by the Constitution. Defendants punished Plaintiff when Plaintiff's beliefs, associations, and money did not align with that of the Defendants.

1

3. Plaintiffs' exercise and expression of his free speech and free association rights made him a "foe" to Defendants and were the substantial or motivating factor for Defendants' taking adverse and retaliatory action against Plaintiff. Defendants did so by purportedly, constructively, and/or allowing the termination of Plaintiff's employment at his place of work with the Board of Elections in the County of Rockland, New York, by, *inter alia*, a letter dated April 30, 2018. As a result of Defendants' impermissible action, Plaintiff was required to physically remove all Plaintiff's property at said place of employment, and was unable to return to said employment.

## JURISDICTION VENUE

4. This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States, particularly the First and Fourteenth Amendments to the Constitution of the United States.

5. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367.

6. This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the substantial events giving rise to this Complaint occurred in the Southern District of New York. Moreover, Plaintiff resides and the Defendants do business in the Southern District of New York.

## THE PARTIES

8. Plaintiff JOSEPH CHABOT (hereinafter "Plaintiff") is a citizen of the United States of America, a domiciliary of the State of New York, and a resident of Rockland County, which County is located in the Southern District of New York.

9. At all relevant times herein, Plaintiff was employed as an employee at the Board of Elections in the County of Rockland, New York in a non-policy making position of Clerk III.

10. At all times relevant herein, Defendant Edwin J. Day is and was the duly elected County Executive for the County of Rockland, New York ("Defendant Day") and resides in the County of Rockland, State of New York.

11. At all times relevant herein, the Defendant County of Rockland ("Defendant County") is and was the duly constituted municipal entity where the Plaintiff has been duly employed at the Board of Elections in the County of Rockland.

12. At all times relevant herein, the Defendant Patricia Giblin ("Defendant Giblin") has been duly employed as a Commissioner for the Board of Elections in the County of Rockland and resides in the County of Rockland. Said appointment was only after approval by the Defendant Day.

13. At all times relevant herein, the Defendant Board of Elections for the County of Rockland ("BOE") was a Department of the County of Rockland and responsible to exercise rights and responsibilities pursuant to the New York State Election laws.

14. Defendants "John Does and Jane Does 1-5" are intended to be persons whose names are presently unknown and who conspired with the Defendants regarding the actions set forth in this Complaint.

**STATEMENT OF FACTS**

15.  The Plaintiff was an active participant in the Rockland County Republican Party (the "Party") and exercised his rights of free speech and free association within the Party as well as with different members of the Party. Some members of the Party are known to follow Defendant Day's political directives while other members of the Party do not blindly do so.

16.  At all times relevant herein, Plaintiff, as a Member of the Party, sought to advance public policy goals that were consistent with the American principles of equal protection, fundamental fairness to all, and without being part of any party organization where discriminatory actions dominated the conduct of Party Members.

17.  Beginning in November 2014, Plaintiff began employment at the BOE in the capacity of a Clerk III. Plaintiff was not a policy maker and had no meaningful control over others at the BOE.

18.  While employed at the BOE, Plaintiff carried out his duties in a lawful and non-partisan manner making certain that all required BOE responsibilities were carried out, including registering individuals who were not previously registered to vote. All said activities by Plaintiff took place in a non-partisan manner with both Republicans and Democrats, as well as others being duly registered to vote.

19.  Beginning in late 2015, Plaintiff sought to be more actively involved in Party matters and the pursuit of an elected public office position.

20.  In late 2015, Plaintiff sought to be elected as a candidate in the Party as a Member of the New York State Assembly for the 97th Assembly District.

21.  As part of that effort, Plaintiff sought to obtain professional advice with regard to public communications and strategy in effectively running for that elected office.

22. Plaintiff was advised by representatives of Defendant Day to use "The Casale Group" for such campaign advice, communications, and strategy.

23. On February 11, 2016 at the urging of that representative for the Defendant Day and with the knowledge of Defendant Day, Plaintiff signed an Agreement for such advice, communications and strategy with The Casale Group in Albany, New York.

24. Subsequent Plaintiff's signing of the Agreement with The Casale Group, Plaintiff was required to expend substantial sums of money to The Casale Group, but did not receive the necessary guidance and strategy needed.

25. While personally investing in his aforesaid campaign for elected public office, Plaintiff had limited means to continue to employ The Casale Group.

26. In March 2016, Plaintiff separated any working relationship with The Casale Group, and was immediately advised by that representative for Defendant Day that Defendant Day as well as his representative was extremely displeased and unhappy that the Plaintiff was no longer paying and/or funding The Casale Group.

27. Subsequently, the Plaintiff hired a local individual to assist in his aforesaid campaign for elected office, which local individual had more effective and economical approaches to communications and strategy than The Casale Group.

28. Said hiring of the local individual was also met with great disapproval by that representative of the Defendant Day.

29. Thereafter, having fallen in disfavor with Defendant Day, who controls the Party, a short time prior to the November 2016 Election, Plaintiff was contacted under false pretenses by an individual claiming to represent a certain religious group.

30. When so contacted, Plaintiff was requested to provide his position upon certain issues that were very public within Rockland County as well as about which Defendant Day has campaigned on for a considerable time.

31. Plaintiff did so in a fair, objective, and non-discriminatory manner, which caused Plaintiff to be further unfavorably considered by the Defendant Day and his political representatives within the Party.

32. In 2017, during an election for Town Supervisor within the Town where Plaintiff resides, which is within the Party controlled by Defendant Day, it was claimed that the Plaintiff, who is a registered Republican, had a "Democratic bumper sticker" on a vehicle owned or operated by Plaintiff.

33. Subsequently, certain Defendants falsely accused Plaintiff, who had previously provided publicly available blank registration forms to local residents in Orangetown to encourage said residents to register to vote, of only providing such blank registration forms to individual who would register as Democrats.

34. These false and fraudulent claims against the Plaintiff were made by certain Defendants as well as representatives of Defendant Day, who effectively controls the Party.

35. On or about April 27, 2018, the Plaintiff was notified in a letter by a representative of Defendant Day that a Party Hearing would be held by the Party because of the Plaintiff allegedly being "disloyal" to the Party.

36. Thereafter, Plaintiff was purportedly "fired" from employment by Defendant Giblin in a letter dated April 30, 2018 indicating the Plaintiff's "last day of service will be April 30, 2018 at 5:00 p.m." when the employment of Plaintiff "with Rockland County will be terminated."

37. Said purported termination of Plaintiff by Defendant Giblin was completely contrary to well-established New York State Law that a BOE employee such as Plaintiff can only be terminated by the consent and approval of both BOE Commissioners, and not only one Commissioner such as Defendant Giblin.

38. Plaintiff was penalized for his political values, beliefs, and decisions, or his perceived political values, beliefs, or decisions.

39. The other BOE Commissioner, a Democrat, found nothing wrong, nothing partisan, and nothing improper with the employment of Plaintiff with the BOE, and therefore did not consent or otherwise approve in any manner the purported termination of Plaintiff.

## CLAIMS FOR RELIEF

## AS AND FOR A FIRST CLAIM FOR RELIEF

40. Plaintiff repeats and realleges each and every allegation as though set forth in full herein.

41. Pursuant to provisions of the Election Law, the Defendant Giblin serves as a Commissioner of the BOE with her Political Party designation being a Republican.

42. Defendant Day is a duly registered Republican and has avowed in public to transform the Rockland County Republican Party into his own political machine to advance his political aspirations that started at the Town level, have moved to the County level, and now contemplate going to the State level of politics.

43. Defendant Giblin is the hand-picked political operative that Defendant Day has selected and employed to carry out his political takeover and control by employing the BOE with only those who are and remain politically loyal to Defendant Day and to punish those who are not politically loyal to Defendant Day by terminating them from the BOE.

44. The retaliation and/or adverse employment action taken against Plaintiff as an employee of the BOE by Defendant Giblin was unlawful as the consent of the other Commissioner, who is a registered Democrat, was not provided.

45. Defendants' adverse employment action and/or purported termination of Plaintiff's employment at the BOE as claimed by Defendant Giblin was part of the practice and pattern of conduct of Defendant and was a substantial or motivating factor to suppress the First Amendment rights of Plaintiff to free speech and political association.

46. Plaintiff has determined to associate himself with the Party with only those members who have public policy goals supportive of fair, non-discriminatory, and otherwise proper conduct, and not the partisan politics of Defendant Day who acting on behalf of the other Defendants approved, supported, and condoned the illegal actions of Defendant Giblin with regard to Plaintiff.

47. In addition to a violation of applicable laws, rules and regulations, the actions of the Defendants aforesaid were calculated to cause personal and political pain and to chill the civil rights of the Plaintiff, with all such actions also are in violation the First Amendment Rights of Plaintiff.

48. The foresaid actions of the Defendants are pursuant to a practice, custom, and policy as well as undertaken otherwise under color of law so as to constitute official action against Plaintiff.

49. The foregoing conduct by Defendants violates the rights of Plaintiff pursuant to 42 U.S.C. § 1983.

50. By reason of the foregoing, Plaintiff has sustained damages and is entitled to appropriate monetary relief.

51. Plaintiff has also incurred and will incur Attorney's fees with regard to this matter and pursuant to 42 U.S.C. § 1988 is entitled to the recovery of Attorney's fees, costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

52. Plaintiff repeats and realleges each and every allegation as though set forth in full herein.

53. The actions of Defendant Giblin in purporting to terminate Plaintiff from employment at the BOE should be declared illegal, null, and void, and Plaintiff should be as required reinstated at the BOE with full pay and other benefits that have been terminated by the conduct of the Defendants.

## AS AND FOR A THIRD CLAIM FOR RELIEF

54. Plaintiff repeats and realleges each and every allegation as though set forth in full herein.

55. The actions of Defendants violate the rights of Plaintiff pursuant to the New York State Constitution at Article 1, Section 8.

56. By reason of the foregoing, Plaintiff is entitled to appropriate relief based upon the wrongful conduct of Defendants.

57. By reason of the foregoing, Plaintiff should also be awarded damages to compensate Plaintiff for the aforesaid wrongful and defamatory conduct of the Defendants.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a Trial by Jury on all questions of fact raised in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

a. Declare Defendants in violation of the Federal and State Constitution and Statutory provisions under which Plaintiff brings this action, and grant a permanent injunction against Defendants, enjoining its officers, employees, agents and all persons in active concert or participation with Defendants from engaging in any conduct that violates Plaintiff's civil rights;

b. Order that Defendants take such affirmative action as is necessary to ensure that the effects of these unlawful and/or retaliatory employment practices are eliminated and do not continue to effect Plaintiff;

c. Order that Defendants place Plaintiff in the position he would have occupied but for Defendants' discriminatory and retaliatory conduct and make him whole for all earnings and other benefits he would have received but for Defendants' discriminatory and retaliatory conduct, including, but not limited to, wages, pension, and other lost benefits as well as place a Federal Monitor in the BOE to prevent further civil rights violations;

d. Order Defendants to make Plaintiff whole by awarding compensatory damages and further to award punitive damages;

e. Award Plaintiff his costs in this action, including his reasonable attorneys' fees, costs and expert witness fees;

f. Order such other and further relief as the Court deems just and proper.

Dated: May 8, 2018
South Nyack, New York

                                              *Respectfully submitted,*

                                              FEERICK LYNCH MacCARTNEY
                                                 & NUGENT, PLLC

                                              _____
                                              Dennis E. A. Lynch
                                              Attorney for Plaintiff
                                              96 South Broadway
                                              South Nyack, New York 10960
                                              (845) 353-2000
                                              E-Mail: dlynch@flmpllc.com